Francisco Bechara, demandante y apelado, *v.* Ramón N. Báez, demandado y apelante.

Núm. 8810.—*Sometido:* Diciembre 9, 1943. *Resuelto:* Enero 13, 1944.

*Frank Torres,* abogado del apelante; *Sergio León Lugo,* abogado del apelado.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos esenciales alegados en la demanda y admitidos por la excepción previa de insuficiencia de los mismos para constituir causa de acción, son como sigue:

El demandante vendió mercancías al demandado en cuenta corriente. La cuenta fué cerrada, liquidada y aceptada por el demandado con un saldo a favor del demandante por la suma de $1,564.85. Para garantizar al demandante el pago de la suma de $1,200 como parte del saldo a su favor, el demandado vendió al demandante una casa situada en Ponce, con el pacto de que si dentro del plazo de seis meses el vendedor entregaba los $1,200 al comprador, éste le otorgaría escritura de retroventa. En la demanda se alega que el objeto y fin de la escritura de venta con pacto de retracto fué únicamente el garantizar al demandante el pago de la suma adeudádale. El demandado se ha negado a satisfacer la suma en controversia, y el demandante pide que se le condene a pagar la suma de $1,200 como parte de la deuda aceptada.

Declarada sin lugar la excepción previa, el demandado pidió que se dictase sentencia sobre las alegaciones. Así lo hizo la corte inferior y el demandado apeló. Las partes sometieron el caso por los alegatos.

El recurso debe ser desestimado por ser absolutamente frívolo. Admitida por la excepción previa que la cuenta había sido liquidada y el saldo aceptado y que la venta con pacto de retro había sido hecha con el único objeto de garantizar el pago de dicho saldo, la corte inferior procedió correctamente al sostener que la demanda aduce hechos suficientes para constituir causa de acción a favor del acreedor demandante.

Tampoco erró la corte sentenciadora al sostener que la demanda no es ambigua y que por el contrario es perfectamente inteligible.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. Snyder no intervino.